# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLSPRING CAPITAL MANAGEMENT, LLC; WELLSPRING CAPITAL PARTNERS IV, L.P.; WCM GENPAR IV, L.P.; WCM GENPAR IV GP, LLC, <br><br>     Movants, <br><br> v. <br><br> JOHN F. BARRY III and M. GRIER ELIASEK, <br><br>     Respondents. | Misc. Case No. 22-00400 <br><br> (Adv. Proc. No. 19-80071-dd in the United States Bankruptcy Court for the District of South Carolina) |

**DECLARATION OF JOHN FRANCIS BARRY III**

Pursuant to 28 U.S.C. § 1746, John Francis Barry III declares as follows:

1.    I am, and was at all relevant times, the Chairman and Chief Executive Officer of Prospect Capital Corporation ("Prospect"). Prospect is a publicly-traded closed-end investment company, akin to a mutual fund, that has elected to be treated as a business development company under the Investment Company Act of 1940. I submit this Declaration in opposition to Movants' motion to compel and in support of my cross-motion to quash the subpoena directed to me or, in the alternative, for a protective order. I have personal knowledge to attest to the statements set forth herein.

2.    I am aware that the underlying dispute involves claims regarding the transfer of funds that Prospect loaned to Ellett Brothers, LLC ("Ellett") and its operating entities (collectively, the "Borrowers") in 2012 and 2013.

3.    As the Chairman and CEO of Prospect, I am responsible for generally overseeing the business of Prospect, which is to raise debt and equity capital, originate and monitor various types of investments in other businesses. Prospect has over $7 billion of assets under

management (nearly $10 billion when other Prospect-affiliated funds are included) in multiple lines of business including but not limited to direct lending, real estate private equity, non-real estate private equity, and structured credit. Prospect has investments in hundreds of different businesses. Prospect has over 100 professionals that work at the company. Like the CEO of most similarly-sized investment companies, I am not (and cannot be expected to be) the most knowledgeable person with respect to the origination or monitoring of any individual Prospect investment, and I was not the most knowledgeable person in originating and managing the loans with the Borrowers.

4. Instead, day-to-day management of and involvement with any individual Prospect investment belongs to the Prospect Deal Team assigned to that investment. The Deal Team is responsible for, among other things, originating the investment, structuring the investment, conducting due diligence, preparing analyses of an investment, communicating with the target entity and any other third parties, negotiating the terms of a potential investment, and communicating information internally within Prospect. At the time of the 2012 and 2013 transactions, the members of the Deal Team for the Borrowers' relationship were Geoffrey Chang and Sergio Zepeda. After the departures of Messrs. Chang and Zepeda from Prospect, the members of the Deal Team for the Borrowers' relationship shifted to Rich Carratu and Seb Cervinka. I understand that Mr. Carratu has been deposed, Mr. Chang is being deposed today, and Mr. Cervinka has been subpoenaed to be deposed, by Movants in connection with the underlying action. Each of those individuals has more knowledge than I with respect to the Borrowers, the Movants, and the transactions in dispute.

5. I did not obtain, and do not have, any unique personal knowledge regarding the 2012 and 2013 loans or the subsequent use of the proceeds of those loans. Any knowledge or

information I obtained regarding these matters came completely from the Deal Team. Any discussions that I had regarding these transactions would have included members of the Deal Team and would be contained in email correspondence which I understand Prospect has already produced.

6. Prospect continued to monitor the Borrowers and the status of the loans following its investments in 2012 and 2013, as it does for all of its investments. Again, I was not involved in the day-to-day monitoring of the relationship. The individuals who had this responsibility were the members of the Deal Team, and I was not a member of the Deal Team.

7. To my best recollection, the information I received about Borrowers and the status of Prospect's investments came from the Deal Team. I understand that I may have had a conversation with William Dawson, the CEO of Wellspring Capital Management, LLC in or around 2014, and that I may have participated in a group conference call in or around 2017 with several individuals from Borrowers, Movants, and Prospect; however, I do not specifically recall either of these conversations. Any other discussions that I may have had regarding Borrowers or Prospect's loans to them would have included members of the Deal Team and would be contained in email correspondence that I understand Prospect already produced.

8. Thus, I have limited knowledge concerning the facts at issue in the underlying dispute, and any knowledge that I may recall is not unique or special.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 23, 2022.

By: _____
JOHN FRANCIS BARRY III

3